## NATHAN KEELER v. DAVID MILLEDGE.

1. A complaint for the violation of an ordinance of the city of Trenton is not in the nature of an information by a common informer, and the same strictness is not required. ·

2. A complaint for the violation of an ordinance should refer to the ordinance and the section upon which the complaint is founded.

3. The notice to answer such complaint should refer to the ordinance and section upon which it is founded, and should substantially set out the provisions whose violation is complained of; and a reference to a wrong ordinance will vitiate the proceedings.

4. The record of a conviction under a special power delegated to a magistrate should show on its face that every thing necessary to the validity of the conviction has been complied with; it should set out the offence, show what ordinance was violated, that legal notice was given, and what notice; whether the defendant was present or absent; whether the complaint was read to him, what was his answer, the names of the witnesses, the substance of their testimony, and the offence of which the defendant is convicted.

5. On an appeal to the common council of Trenton from the conviction of violating a city ordinance, there is not a new trial of the cause upon testimony.

On *certiorari* to the common council of the city of Trenton.

Argued before Justices POTTS and ELMER; Mr. *Beasley* for plaintiff in *certiorari*.

POTTS, J. This was a proceeding under the supplement to the act incorporating the city of Trenton, approved March 25, 1852, (*Pamph. L.* 432) which provides "That whenever complaint is made to the mayor, recorder, or either of the aldermen of said city, of the violation of any ordinance of the common council, whereby the offender or offenders have become subject to a penalty or penalties, it shall be the duty of said magistrate forthwith to send a written notice to the person or persons complained of, that at a certain time and place he will proceed to investigate the charge; and at such time and place, if upon investigation the said charge shall in the judgment of said magistrate be sustained, he shall issue his warrant for the collection of said penalty or penalties, as is now provided by the act incorporating said city of Trenton."

A complaint was made before the mayor of the city of Trenton, by David Milledge, clerk of the market, under oath, that Keeler had "officiously interfered with the deponent in the performance of the duties of his office, and encouraged persons to violate the ordinances of said city relating to markets, which prohibits any kind of vehicle, other than a wheelbarrow, from remaining in Greene street between Second (now State) street and Academy street longer than ten minutes, between daylight and nine o'clock in the forenoon;" and "that the said Keeler did, on the first day of July, 1852, so officiously interfere with the duties of deponent, and did encourage a person, whose name is unknown to deponent, to remain in said Greene street, between Second (now State) and Academy streets, with a wagon and two horses, to wit, for the space of half an hour, contrary to the ordinance aforesaid," &c.

The mayor gave notice in writing to Keeler of this complaint, "in pursuance," as he says in the notice, "of the 4th section of the ordinance approved March 29th, '52," and that he would proceed to investigate the charge or complaint at a time and place named.

Then comes the record of conviction. It is as follows :

| | |
|---|---|
| City of Trenton <br> *v.* <br> Nathan Keeler. | Mayor's office, City of Trenton. Demand of $5 penalty for violating ordinance concerning markets, passed Sept. 18, 1845. |

July 1, 1852. David Milledge, clerk of the market, filed complaint in writing against defendant, whereupon I issued a notice in writing to defendant that I would hear the above complaint at this office to-morrow, 9 o'clock A. M.—July 2d. I adjourned the hearing on the above complaint to ½ past 3 o'clock P. M.—3½ o'clock P. M. Alexander M. Johnston, esq., appeared for the city, and Edward W. Scudder, esq., for the defendant. David Milledge sworn on behalf of city, and William Vanhart for the defendant; and, after hearing argument of counsel, deferred judgment till to-morrow ot 2½ o'clock P. M., at which time I entered judgment for the city for the penalty of five dollars and costs."

From this conviction the defendant appealed to the common council, pursuant to the 24th section of the city charter, which provides, "That any person who may think himself aggrieved by the judgment, order, or decision of the said mayor, &c., may appeal to the common council, who are hereby required to hear his or her cause of complaint, and to do therein what to them shall appear just and reasonable."

The record of the proceeding before the common council is as follows: "E. W. S., esq., on behalf of Mr. Keeler, presented the papers from the mayor, being the complaint of David Milledge against Mr. Keeler for violating the market ordinance; a notice from the mayor to Mr. Keeler of such complaint, and of the time and place of hearing the same; a copy of the proceeding before the mayor, certified by him, and an appeal bond on appealing to council from the mayor's judgment, which were read. David Milledge was sworn and examined as a witness on behalf of the complaint, and William Vanhart was affirmed and examined as a witness on behalf of the defendant. After argument by E. W. S. for the defendant, and A. M. J. for the complaint, Mr. W. moved that the

judgment of the mayor be confirmed; which motion was agreed to."

The counsel for the plaintiff in *certiorari* asks a reversal of this conviction, and assigns for error— .

1. That the *complaint* is defective in form and substance. The complaint is in the nature of an *information* at common law, which was generally by a common informer, who claimed part of the fine or penalty to himself, and in which the same certainty was required as in an indictment. 2 *Hawkins* 260–1. And in these cases the informer could not be a witness, because he was interested in procuring a conviction. But I do not think it necessary or advisable in these complaints, which any body may make before a city magistrate, for the violation of a city ordinance to hold to the strictness anciently required. It is sufficient if they set out with clearness the offence charged and the substance of that part of the ordinance which has been violated, with a reference to the title, the date, and section. This much, however, it ought to contain, for the office of the complaint is not only to give the magistrate jurisdiction, but eventually to apprize the party of what offence he is charged with, and it answers neither of these purposes with certainty unless it contains these particulars. I am inclined to think this complaint is defective, inasmuch as it does not give the date and the section of the ordinance alleged to have been violated; but as it refers to the ordinance relating to markets, and gives nearly the literal words of the section, and as there is no pretence that the defendant was surprised, I should have some hesitation in reversing for this cause alone.

The *notice*, I may here say, was also objectionable. It should have apprized the defendant that he was to answer the charge of violating the provisions of the 21st section of an ordinance entitled, "An ordinance concerning the markets," passed September 18, 1845, which provides that, &c., setting it out; and having undertaken to set out the authority under which the notice was given, it should have been done correctly, instead of which it refers to the 4th section of an *ordinance* approved March *twenty-ninth*, 1852, when no such ordinance existed, the intention probably being to refer to the

4th section of the *supplement to the city charter*, approved *twenty-fifth* March, 1852.

But 2. The next ground for reversal, to wit, that the record of the proceeding and judgment before the mayor is defective in form and substance, is well taken.

Where a special power is given to a magistrate by statute to convict an offender in a summary manner without a trial by jury, it must appear that he has strictly pursued the power. 1 *Burns' Justice* 409. The record should show upon its face every thing necessary upon general principles to constitute a legal conviction. *Handlin* ads. *State*, 1 *Har*. 97 ; and see forms in *Ewing's Justice* 226, (ed. 1839); 1 *Burns' Justice* 410.

It should set out the offence charged, and show what ordinance, or section of an ordinance, was alleged to have been violated. It should show not only legal notice given, but also whether the defendant was present or absent; and if present, that the complaint was read to him, and his answer to it. It should set out not only the names of the witnesses examined, but at least the substance of the testimony, that the court above may judge of its sufficiency to convict. *Rex* v. *Vipont*, 2 *Burrows* 1163 ; *Rex* v. *Killett*, 4 *Burrows* 2063. And it should appear with precision, by the record, of what offence the defendant is convicted. No one of these requisites is to be found in the record sent up in this case.

3. A third objection is to the proceeding before the common council on the appeal. The common council proceeded to try the case *de novo*. This, I think, is not the course pointed out by the 24th section of the charter, that directs that upon an appeal to the common council, that body shall hear the appellant's cause of complaint, and do therein what to them shall appear just and reasonable. This is a very different thing from a new trial.

The judgment must be reversed.

ELMER, J., concurred.

CITED *in Kip* v. *City of Paterson*, 2 *Dutch*. 299; *Buck* v. *Danzenbacker*, 8 *Vr*. 362.