This appeal is from a judgment of the Camden County Court dismissing an appeal from a judgment of conviction in the Mayor's Court of Gloucester City.
On June 11, 1948, a sworn complaint was filed charging that the defendant "has violated Section 9 of the Board of Health ordinance of the City of Gloucester that the said Martin Brandt has failed to secure a 1948 license to operate a trailer camp in accordance with said ordinance." A hearing was held on July 7, 1948. The record before us contains the evidence upon which the defendant was convicted. The testimony *Page 117 
was that two officers of the Gloucester City Board of Health visited the defendant twice; that they gave him a copy of the trailer ordinance and warned him that he must apply to the Board of Health for a license within thirty days; and that the defendant refused to take out a license. The defendant's attorney cross-examined one of the witnesses, but the defendant did not testify. The finding was "Held guilty. Fined $200 and ordered to take out a license within thirty days or to cease operation."
The ordinance relied on at the hearing was an ordinance of the Mayor and Common Council of the City of Gloucester, entitled "An ordinance regulating the licensing, sanitation and conduct of camp cars, and/or trailers in the City of Gloucester City," adopted April 6, 1944, and section 9 thereof provides:
"The provisions of this ordinance shall be applicable to every camp ground within the incorporated area of the City of Gloucester City and it shall be unlawful for any person, firm or corporation maintaining, operating, conducting or carrying on any such camp ground or for any person living or sleeping in any camp car and/or trailer located in a camp ground, or any other person, to violate, or contribute in any way to the violation of any of the provisions of this ordinance."
The complaint does not identify any particular ordinance; it charges a violation of a Board of Health ordinance, but the ordinance relied on was an ordinance of the Mayor and Common Council of the city; and it charges a violation of section 9 of the ordinance, when section 9 of the ordinance relied on contains no requirement that anyone secure a license. While the charge was that this defendant failed to secure a license, there was no evidence that the defendant was one required by the ordinance to secure a license. The conviction, therefore, cannot be said to be a conviction of any specific offense. The complaint, the evidence upon which the defendant was convicted, and the conviction are all defective. Keeler v. Milledge, 24 N.J.L. 142 (Sup. Ct.
1853).
The judgment under appeal is reversed and the court below is directed to enter a judgment setting aside the conviction. *Page 118